Battle, J.
 

 This case is brought before us again, for the purpose, as we are informed, of having reviewed the decision which we made in it at December Term, 1859, (see 7 Jones 28). In the argument now submitted by the counsel for the plaintiff, he admits the correctness of the general principle, that a contract, the consideration of which is the doing of an act, either
 
 malum in se
 
 or
 
 malum prohibii-am
 
 is void, and no action at law can be sustained upon it. He also admits that the fact of the contract’s being under seal, does not preclude the illegality of the consideration from being enquired into, and urged as a defense. See Broom’s Com. 91, Law Lib. 280, and several pages following. B,ut he contends that a bond for the payment of money, though made for the express purpose of defrauding the obligor’s creditors is valid as against him, by force of the Stat. Eliz. ch. 5, sec. 2;Bev. Code, ch. 50, see. 1.
 
 *438
 
 By reference to that statute, it will be seen that bonds are mentioned along with several kinds of conveyances made with the intent to delay, hinder’ and defraud creditors, which are declared to be utterly void and of no effect, only, however, as against those persons who are hindered, delayed and defrauded of their debts ; and it is inferred that bonds as well as conveyances of property, are good and valid against those who execute them in favor of the obligee and grantee. This argument confounds the distinction between the nature and effect of a bond and an executed conveyance. The former is a chose in action, which may require the aid of a court, through the means of an action or suit, to give the obligee the benefit of it, while the latter transfers, at once, the title of the property granted or sold to the grantee, or bargainee. Hence, to the former, the well-established max-, im of
 
 ex dolo malo non oriiv/r actio
 
 may apply, while it is entirely inapplicable to the latter, which does not require the aid of a court to transfer the property. 'The fraudulent grantee or bargainee has
 
 then the
 
 advantage of his
 
 grantor
 
 or bargainor, because, having the property by force of the conveyance, the grantor or bargainor will be met, whén he applies to be relieved against it, with the objection that “no court will lend its aid to a man who founds his cause of action upon an immoral or illegal
 
 act;"
 
 Holman v. Johnson, 1 Cowper’s Rep. 343. The statute of frauds, 13 Eliz. in making void and of no effect conveyances intended to defraud creditors, as to the creditors only, and leaving them in full force in other .respects as between the parties, does not contravene . that rule. But if the statute is to be construed as to its effect upon fraudulent bonds in the manner contended for by the plaintiff’s counsel, it will violate the rule, and produce the strange and unnecessary anomaly, that while the obligee in a bond founded upon the illegal consideration of compounding a felony, gaming, usury, restraining trade, restraining marriage and the like, he may do so if the consideration were that of a most gross and outrageous attempt to cheat and defraud creditor’s. But the words of the statute may be satis
 
 *439
 
 fied without the necessity of adopting any such construction, A voluntary bond, executed without any actual intent to defraud creditors, may be avoided by them under the statute, if such an avoidance be necessary to secure their debts, but as between the parties the statute leaves it still in force. By giving to the statute such an operation and no more, the very salutary maxim, to which we have referred, of
 
 ex dolo malo non oritur actio
 
 will be left in its full integrity, to prevent a recovery by the obligee of a bond conceived and executed by the parties with the actual intent to hinder, delay • and defraud the creditors of the obligor.
 

 That the distinction which we have endeavored to point out between bonds and executed conveyances does exists, is, as we think, established by adjudicated cases. That of
 
 Roberts
 
 v. Roberts, 2 Barn, and Ald 366, (1 Eng. C. Law Rep. 515,) cited by the plaintiff’s counsel, and all those referred to by Boberts in his work on Fraudulent Conveyances, which were held to be valid as between the parties, are cases of executed conveyances, while not a single instance of a bond made for the express purpose of defrauding creditors has, to our knowledge, been upheld as good between the obligor and obligee.
 

 The judgment of the Court below being in accordance with the views which we have now expressed, must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.